IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell L. Goss, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:23-cv-232-BHH |
| v. ) | |
| ) | |
| Barbara Woodcox and Tarasha Evans, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Darrell L. Goss's ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. On April 14, 2023, Defendants filed a motion to dismiss, and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C. On April 17, 2023, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to respond to the motion. The Magistrate Judge thereafter extended Plaintiff's time to respond, but Plaintiff never filed any response to the motion. Accordingly, on June 15, 2023, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 24), and the Court dismisses this action with prejudice for lack of prosecution and for failure to comply with the Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp.*, 669 F.2d at 920.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 10, 2023
Charleston, South Carolina